UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-423 |
| | § | |
| JERRY J. TREVINO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION WITHOUT PREJUDICE**

Appearing *pro se* and *in forma pauperis ("ifp")*, Plaintiff filed a complaint (D.E. 1) alleging a claim under the Texas Payday Law. *See* Tex. Labor Code § 61.001 *et Seq.* Pending is Defendant's Rule 12(b)(6) Motion To Dismiss For Lack of Subject Matter Jurisdiction. (D.E. 4). This case was referred to the undersigned Magistrate Judge for case management and to make recommendations to the Court as to all dispositive motions. (D.E. 2). As set forth in more detail below, the Court lacks jurisdiction because Plaintiff's two page complaint only alleges questions of state law. Further, even construing Plaintiff's Complaint liberally, the Complaint is sufficiently deficient to warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because it merely references general propositions of state law with no factual allegations. Plaintiff's right to recovery is purely speculative. Finally, Plaintiff's case is pending before the Texas Workforce Commission ("TWC"). This case is prematurely filed because Plaintiff has yet to exhaust his administrative remedies as required by the Texas Labor Code. Therefore, the

undersigned respectfully recommends the Court **DISMISS** Plaintiff's Complaint without prejudice.

## I.     BACKGROUND

Appearing *pro se,* Plaintiff filed this action and an application to proceed *in forma pauperis* on September 30, 2014.  *See Aguirre v. Trevino*, No. 2:14-MC-1061, (S.D. Tex. filed Sept. 30, 2014).   On October 15, 2014, the undersigned held a hearing and granted Plaintiff's application to proceed *ifp* and ordered service.  *Aguirre*, No. 2:14-MC-1061, (S.D. Tex. order granting *ifp* status, Oct. 15, 2014).  The Clerk filed Plaintiff's Complaint under the instant cause number on October 15, 2015.  (D.E. 1).  Defendant was served (D.E. 6) and subsequently filed the pending motion to dismiss.  (D.E. 4).

During the October 15, 2014 hearing on Plaintiff's *ifp* application, Plaintiff explained Defendant is a local attorney who owns a used car lot.  Plaintiff worked for Defendant at the used car lot.  Plaintiff claims he is due unpaid wages.  Plaintiff verified he has filed a claim with the TWC.  The undersigned pointed out to Plaintiff he has alleged only state law claims and his case has jurisdictional problems.  Plaintiff stated he filed this case in federal court because he was having difficulty obtaining representation because Defendant is a local lawyer and Plaintiff believes there is a reluctance by local attorneys to represent him.  Plaintiff further explained he was told Defendant violated federal law by not paying Plaintiff the wages he claims were owed to him.

Defendant filed a motion to dismiss pursuant to Federal Rule 12(b)(6) arguing the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative

remedies with the TWC prior to filing suit. (D.E. 4). According to Defendant, Plaintiff filed a complaint with the TWC and received an initial finding in his favor for $4,718.00 but the matter "is still pending and TWC is still in the negotiation phase of the wage dispute procedure." (D.E. 4, pp. 1-2). Defendant argues Plaintiff's case was filed prematurely and should be dismissed for failure to exhaust administrative remedies. (D.E. 4, p. 2). Plaintiff filed a response in which he cites general positions of law, some of little relevance and none of which are especially helpful in resolving the pending motion. (D.E. 5).

## II.   STANDARD OF REVIEW

In considering the 12(b)(6) motion, the Court must construe Plaintiff's allegations liberally because he is appearing *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In

evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

## III.  ANALYSIS

Liberally construing Plaintiff's complaint, he appears to assert a claim under the Texas Payday Law. *See* Tex. Labor Code § 61.001 *et. seq*; *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 194 (Tex. App.-Fort Worth 1995, writ denied). While the facts of Plaintiff's case may involve violations of federal law, Plaintiff fails to set forth any facts in his pleading. His Complaint is less than two pages and merely recites portions of the Texas Labor Code. (D.E. 1).

District Courts have original jurisdiction over civil cases arising under the laws of the United States. *See* 28 U.S.C. § 1331. In other words, "'federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir.2001)(per curiam)(*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiff, however, has filed a claim alleging only a violation of the Texas Payday Act. Because it is well settled "that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law," it would appear no federal law is implicated in this case, and thus, no federal question jurisdiction exists. *See Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 63 (1987). Further, even if the case involves potential federal claims relating to employment

compensation, Plaintiff's failure to allege any facts does not comply with the pleading requirements of Rule 12(b)(6). Plaintiff's Complaint should be dismissed because his right to relief is purely speculative and does not contain sufficient factual matter to state a claim to relief that is plausible on its face.

Finally, Plaintiff has not exhausted his administrative remedies before the TWC. The Payday Law "establishes an administrative system vesting authority in the [TWC] to govern the payment of wages by employers." *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 190 n. 1 (Tex. App. 1995, writ denied). To file a claim under the Payday Law, an employee must "file a wage claim with the [TWC] ... in a manner and on a form prescribed by the commission." Tex. Lab. Code § 61.051(a)(b). The Texas Legislature intended that this administrative process be an alternative to traditional litigation. *See Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 87 (Tex. 2008) (stating the Legislature intended the Payday Law to provide employees with a vehicle for relief when a traditional lawsuit proved too arduous"), *superseded by statute on other grounds*, Tex. Lab. Code § 61.051(c).

A claimant can seek recovery of unpaid wages by filing a claim pursuant to the Payday Law with TWC or by filing suit in a court of law to assert common law claims. However, a wage claimant must choose whether he will pursue his wage claim by filing an administrative claim or by filing a lawsuit. *See Igal*, 250 S.W.3d at 92-93. A claimant who has chosen to pursue his claim through the TWC may file suit to appeal the order of the TWC but only after exhausting his administrative remedies. Tex. Lab. Code §

61.062(a). Plaintiff's claim is currently pending before the TWC and his lawsuit is prematurely filed.

## IV. RECOMMENDATION

Therefore, for the reasons set forth above, it is respectfully recommended that the Court **DISMISS** Plaintiff's Complaint without prejudice. Dismissal without prejudice is appropriate to allow Plaintiff an opportunity to exhaust his administrative remedies and refile claims which address the jurisdictional and pleading deficiencies identified above.

Respectfully submitted this 14th day of January, 2015.

                                              Jason B. Libby
                                       United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).