UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-423 |
| | § | |
| JERRY J. TREVINO, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MEMORANDUM
AND RECOMMENDATION AS MODIFIED**

Pending before the Court is Defendant Jerry J. Trevino's motion to dismiss (D.E. 4) Plaintiff Pedro Aguirre's Texas Payday Law action (D.E. 1). Defendant alleges that Plaintiff has failed to exhaust his administrative remedies and thus this Court lacks subject matter jurisdiction to hear this case. On January 14, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation ("M&R") (D.E. 7), recommending that Defendant's motion be granted. This Court received Plaintiff's timely-filed objections[1] (D.E. 9) on February 2, 2015.

The Magistrate Judge found three distinct reasons why Plaintiff's action should be dismissed: (1) the Court lacks subject matter jurisdiction because the complaint only alleges questions of state law; (2) the complaint is sufficiently deficient to warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) because it only references

---

[1] Plaintiff, appearing pro se and *in forma pauperis*, titled his filing: "Memorandum and Recommendation to Dismiss Action Without Prejudice." D.E. 9, p. 1. The Court will construe Plaintiff's filing as his objections to the M&R. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se litigants are entitled to liberal construction of their pleadings); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1995) ("[W]e have oft stated that '[t]he relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'") (quoting *Bros Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)).

general propositions of state law without factual allegations; and (3) the complaint is prematurely filed because Plaintiff has not exhausted his administrative remedies.  D.E. 7, p. 1.

Plaintiff's objections pertain only to the M&R's finding that his claim was prematurely filed.  Therefore, seeing no error in the Magistrate Judge's conclusions regarding the insufficiency of the complaint and the lack of subject matter jurisdiction because only state law claims have been alleged, the Court adopts the M&R with respect to those matters.  Because the Court lacks jurisdiction, it is not necessary to address Plaintiff's specific objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 7), as well as Plaintiff's objections, and all other relevant documents in the record, and having determined that this Court lacks subject matter jurisdiction, this Court **ADOPTS** the Magistrate Judge's findings and conclusions pertaining to this Court lacking subject matter jurisdiction because the complaint alleges only state law claims.  Accordingly, this action is **DISMISSED** without prejudice.

ORDERED this 17th day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE